**STATE of Alaska, Appellant,**

v.

**Jacqueline BLACKMORE, Appellee.**

**No. A–7297.**

Court of Appeals of Alaska.

May 19, 2000.

---

**15.** *See Wells v. State,* 945 P.2d 1248, 1250 (Alaska App.1997).

Samuel D. Adams, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Glenda J. Wirth, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*O P I N I O N*

MANNHEIMER, Judge.

The Alaska Board of Game has enacted a regulation, 5 AAC 92.002, which declares that, unless a statute or another regulation provides otherwise, any person who violates a provision of 5 AAC 84—5 AAC 92 (*i.e.*, any person who violates this state's trapping and hunting regulations) "is strictly liable for the offense, regardless of that person's intent."

Jacqueline Blackmore shot a ram whose horns proved to be less than full-curl.[1] The State announced that it intended to prosecute Blackmore for this offense under a "strict liability" theory (*i.e.*, without trying to prove that Blackmore acted negligently). But the district court ruled that the legislature had not granted the Board of Game any authority to enact strict liability offenses, and

thus the Board exceeded its powers when it promulgated 5 AAC 92.002. Based on this ruling, the district court dismissed the charge against Blackmore. The State now appeals.

■ This case is governed by our decision in *Beran v. State.*[2] *Beran* involved a similar attempt by the Board of Fisheries to establish strict liability offenses. Based on our examination of the common-law power of administrative agencies, we held that, "[even] in the absence of express statutory authorization, administrative agencies ... have the power to establish strict liability violations".[3] That is, agencies have the common-law power to impose *non-criminal* penalties on people who violate the agency's regulations, even when the violator acts without *mens rea*. We explained that, when the Board of Fisheries or the Board of Game has exercised this authority,

> every fish and game regulation comprises both a crime requiring [proof of] *mens rea* and a violation which differs from the crime only in that a conviction does not require a finding of *mens rea*.

*Beran,* 705 P.2d at 1291 n. 13.

■ Given our construction of the common law in *Beran,* the district court asked the wrong question when it resolved Blackmore's case. The issue is not whether the legislature has specifically authorized the Board of Game to enact strict liability offenses. Rather, the issue is whether the legislature has forbidden the Board from doing so—because, in the absence of a legislative prohibition, the Board retains its common-law power to enact strict liability offenses (so long as the punishment for these offenses remains non-criminal).

■ Blackmore defends the district court's ruling by pointing to the legislature's enactment of AS 16.05.722, which provides special penalties for certain strict liability violations of Alaska's commercial fishing laws. Relying on the principle of *expressio unius est exclu-*

---

1. This is a violation of 5 AAC 85.055. The term "full-curl" is defined in 5 AAC 92.990(a)(19).

2. 705 P.2d 1280 (Alaska App.1985).

3. *Id.* at 1288. See also *id.* at 1284 n. 4, where we clarified that we were using the term "violation" as it is defined in AS 11.81.900(b)(59): "a noncriminal offense punishable only by a fine".

*sio alterius* (the express mention of one thing implies an intention to exclude others), Blackmore argues that if the legislature took the trouble to enact special penalties for the strict liability violation of some fish and game regulations, the legislature must have intended to prohibit the Boards of Fisheries and Game from enacting strict liability offenses for all other types of fish and game regulations.

We do not agree. AS 16.05.722, which was enacted in 1988[4], appears to be a direct response to our 1987 decision in *Constantine v. State*[5], where we held that the maximum penalty for a strict liability violation of a fish and game regulation would be a $300 fine and forfeiture of the illegally taken wildlife, unless the legislature enacted more stringent non-criminal penalties. By enacting AS 16.05.722, the legislature declared that it wished to impose penalties greater than the *Constantine* maximum for certain types of fishing violations. But it does not follow that the legislature intended to ban strict liability prosecutions for all other fish and game violations. Rather, one can infer only that the legislature believed that the *Constantine* maximum was a proper penalty for the other strict liability violations.

We note that 5 AAC 92.002—the regulation authorizing strict liability prosecutions of hunting and trapping cases—has been in effect for more than a decade.[6] Had the legislature wished to repeal this regulation, it could have done so.[7] But the legislature has taken no such action, and 5 AAC 92.002 remains in effect.

We conclude that the legislature has not prohibited the Boards of Fisheries and Game · from exercising their common-law power to enact strict liability offenses. Accordingly, 5 AAC 92.002 is a valid regulation, and the district court erred when it dismissed the prosecution against Blackmore.

The judgement of the district court is REVERSED, and this case is remanded to the district court for further proceedings on the complaint filed against Blackmore.

---

**4.** *See* SLA 1988, ch. 46, § 3.

**5.** 739 P.2d 188, 190, 191 (Alaska App.1987).

**6.** This regulation was first enacted as an emergency regulation in 1985 and was later made permanent. *See* Registers 95 and 111.

**7.** *See* AS 44.62.320. *See also* AS 24.05.182, AS 24.20.400, and AS 24.20.445.